Amir J. Goldstein, Esq. (CA Bar No. 255620)
ajg@consumercounselgroup.com
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

FILED
2012 MAR 23 PM 2:54
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD JEZIORSKI, | CASE NO.: CV12-2534-GAF (FMOx) |
| Plaintiff, | |
| v. | COMPLAINT FOR DAMAGES |
| GC SERVICES LIMITED PARTNERSHIP aka GC SERVICES LP and DOES 1 through 10 inclusive, | |
| Defendants. | |

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant, GC SERVICES LIMITED PARTNERSHIP aka GC SERVICES LP alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Santee, California.
3. Upon information and belief, Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Houston, Texas.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where Defendant corporation is subject to jurisdiction in this district as it regularly conducts business in this district.

## FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.
6. That a personal debt was allegedly incurred by Plaintiff.
7. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to Defendant for collection.
8. That on or about February 2012 through on or about March 2012, Defendant's agents spoke to Plaintiff and to Plaintiff's co-workers in an attempt to collect a debt.

### *Count One*

9. Plaintiff realleges paragraphs 1 through 8 as if fully restated herein.
10. That on or about March 6, 2012, Defendant's agent contacted the Plaintiff's coworker, a third party, in an attempt to collect a debt.
11. That Defendant's agent falsely informed Plaintiff's co-worker that he had spoken to Plaintiff the day before.
12. That prior to this phone conversation with Plaintiff's co-worker, Plaintiff did <u>not</u> speak with any of Defendant's agents.

13. That Defendant's communication contained language demonstrating false statements and deceptive representations.
14. That the Defendant's conduct violates 15 U.S.C. §1692b because: 1) the Defendant communicated with a third party for a purpose other than to acquire location information and 2) the Defendant did not state that he was confirming or correcting location information.
15. That Defendant's conduct violates 15 U.S.C. §1692c(b) because the Defendant communicated with the Plaintiff's coworker, a third party, in an attempt to collect a debt.
16. That Defendant's conduct violations 15 U.S.C. §1692c(a)(3) because Defendant contacted the Plaintiff's place of employment where the Defendant knew that Plaintiff was not to receive such communication.

*Count Two*

17. Plaintiff realleges paragraphs 1 through 16 as if fully restated herein.
18. That on or about March 7, 2012, Defendant's agent spoke to Plaintiff in an attempt to collect a debt.
19. That during said communication, Defendant's agent began to yell at Plaintiff in an attempt to collect the alleged debt.
20. That Defendant's agent abused and harassed Plaintiff by asking <u>incessantly, without pause,</u> **"When are you going to pay your student loans? When are you going to pay your loans back? When are you going to pay you debt back?…"**
21. That Defendant's agent continued to scream at Plaintiff without giving Plaintiff the opportunity to respond.
22. That when Plaintiff attempted to reply, Defendant's agent angrily yelled, **"Don't talk over me!"**
23. That Defendant's agent mocked Plaintiff and rudely stated, **"[the loan] was not a gift!"** and screamed that he needed to pay it back.

24. That Plaintiff informed Defendant's agent that he was unable to pay back the alleged debt.

25. That in response, Defendant's agent abused and mocked Plaintiff by asking in pertinent part, **"Then how are you paying back your bills to Honda Financial, or to Capital One?"**

26. That Defendant's agent repeatedly questioned Plaintiff regarding personal matters unrelated to the debt, actions of which not only embarrassed and demeaned Plaintiff, but also caused additional and unnecessary stress.

27. That Defendant's agent threatened Plaintiff with a wage garnishment and warned him that they would continue to call him everyday and harass him at work until the debt was paid.

28. That in response, Plaintiff informed Defendant's agent that they cannot call him at his place of employment, to which Defendant's agent replied, **"No, you have the law wrong…we'll continue to call you at work."**

29. That Defendant's communication contained abusive and harassing language in violation of 15 U.S.C. §1692d.

30. That Defendant's communications contain language demonstrating false statements and deceptive representations, and misleading and overshadowing language which contradicts the consumer's rights in violation of 15 U.S.C. §1692e.

*Count Three*

31. Plaintiff realleges paragraphs 1 through 30 as if fully restated herein.

32. That on or about March 13, 2012, Defendant spoke with the Human Resources Manager at Plaintiff's place of employment, one "Ms. Leanne McDaniel," in an attempt to collect a debt.

33. That Defendant's agent falsely and deceptively informed Ms. McDaniel that Defendant would be submitting an **order to withhold earnings "in the near future."**

34. That Defendant's agent instructed Ms. McDaniel to give Defendant's contact information to Plaintiff in the event that Plaintiff would like to work directly with Defendant.

35. That upon information and belief, Defendant does not have procedures to institute wage garnishments against its debtors.

36. That as a result of Defendant's communications to his place of employment, Plaintiff has suffered extreme humiliation, shame, stress, anxiety and sleepless nights from fear that he would lose his job.

37. That the Defendant's conduct violates 15 U.S.C. §1692b because: 1) the Defendant communicated with a third party for a purpose other than to acquire location information, 2) the Defendant did not state that he was confirming or correcting location information and 3) the Defendant informed the Plaintiff's coworker that the phone call was regarding the Plaintiff's debt.

38. That Defendant's conduct violates 15 U.S.C. §1692c(b) because the Defendant communicated with the Plaintiff's coworker, a third party, in an attempt to collect a debt.

39. That Defendant's conduct violations 15 U.S.C. §1692c(a)(3) because Defendant contacted the Plaintiff's place of employment where the Defendant knew that Plaintiff was not to receive such communication.

40. That Defendant's communications contain language demonstrating false statements and deceptive representations, and misleading and overshadowing language which contradicts the consumer's rights in violation of 15 U.S.C. §1692e.

## Count Four

41. Plaintiff realleges paragraphs 1 through 40 as if fully restated herein.

42. That on or about March 13, 2012, Plaintiff, embarrassed and humiliated from Defendant's phone calls to Plaintiff's place of employment, called Defendant's agent in fear that his wages would be garnished.

43. That Plaintiff spoke with Defendant's agent, one **"Stas Shevtsov."**

44. That during said communication, Defendant's agent harassed Plaintiff and threatened him with a wage garnishment.

45. That Defendant's agent abused Plaintiff by probing into private and confidential matters unrelated to the debt.

46. That feeling extreme pressure from Defendant's line of questions, Plaintiff was coerced into disclosing personal information to Defendant.

47. That Defendant's agent mocked Plaintiff and said, **"If you can spend that much on groceries, you can pay off this debt."**

48. That Defendant's agent continued to abuse Plaintiff and told Plaintiff **"to think about your family."**

49. That Defendant's agent deceptively and falsely informed Plaintiff that he was faced with a **"wage garnishment for life"** and that there was **"no way out of it."** (emphasis added)

50. That Defendant's agent went on to yell and reprimand Plaintiff and told Plaintiff that **it was up to him to take care of his bills, that Plaintiff knew he had a student loan and that it needed to be paid.**

51. That Defendant's agent continued to coerce and force Plaintiff into a payment plan by making false and deceptive representations.

52. That Defendant falsely and deceptively informed Plaintiff that if he paid, **"anything negative"** would be removed from Plaintiff's credit report, that his debt would be taken out of **"default"** but that the loan would be sold to another debt collection agency.

53. That Plaintiff was left feeling extremely confused and scared based on Defendant's representations.

54. That upon information and belief, Defendant does not have a process to institute wage garnishments against its debtors.

55. That upon information and belief, Defendant does not report to the credit reporting agencies.

56. That Defendant's communication contained abusive and harassing language in violation of 15 U.S.C. §1692d.

57. That Defendant caused a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass in violation of 15 U.S.C. §1692d.

58. That Defendant's communications contain language demonstrating false statements and deceptive representations, and misleading and overshadowing language which contradicts the consumer's rights in violation of 15 U.S.C. §1692e.

59. That Defendant's communications contain threats to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e.

60. That Defendant's communications contain language demonstrating unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

61. That Defendant failed to properly advise Plaintiff of his rights in violation of 15 U.S.C. §1692g.

## Count Five

62. Plaintiff realleges paragraphs 1 through 61 as if fully restated herein.

63. That on or about March 20, 2012, Defendant's agent, one "Daria Williams" called Plaintiff in an attempt to collect the aforementioned debt.

64. That during said phone call, Defendant's agent relentlessly abused Plaintiff and pressured Plaintiff into signing up for a payment plan.

65. That Defendant's agent probed into Plaintiff's personal matters by asking how Plaintiff was able to pay for his other bills like Honda Financial and his credit cards.

66. That Plaintiff, in response, informed Defendant's agent that his wife was paying for his bills since he was previously unemployed and lacked income.

67. That Defendant's agent, in a condescending tone, mocked Plaintiff and stated that she couldn't believe that Plaintiff was able to pay his bills but not set up a payment plan.

68. That Defendant's agent threatened Plaintiff and told him that if he did not set up a payment plan, it would be "devastating" for him.

69. That Defendant's communication contained abusive and harassing language in violation of 15 U.S.C. §1692d.

70. That Defendant's communications contain language demonstrating false statements and deceptive representations, and misleading and overshadowing language which contradicts the consumer's rights in violation of 15 U.S.C. §1692e.

71. That Defendant, in an attempt to collect a debt, engages in a pattern or practice of making representations which are false, harassing, confusing, misleading, deceptive and/or unfair.

72. That following Defendant's conduct, Plaintiff suffered actual damages, including, but not limited to: extreme embarrassment, humiliation, shame, high blood pressure, stress, anxiety, aggravation and sleepless nights.

73. That Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (b), (c) (d), (e), (f) and (g) in that the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, harassing, unfair and fail to advise the consumer of his legal rights as required by law.

    i. The Defendant violated 15 U.S.C. §1692b because: 1) the Defendant communicated with a third party for a purpose other than to acquire location information;

    ii. That Defendant's conduct violates 15 U.S.C. §1692c because the Defendant communicated with the Plaintiff's coworker, a third party, in an attempt to collect a debt and because Defendant contacted the Plaintiff's place of employment where the Defendant knew that Plaintiff was not to receive such communication;

    iii. The Defendant violated 15 U.S.C. § 1692d by harassing the Plaintiff;

    iv. The Defendant violated 15 U.S.C. § 1692e by using false representations, threatening to take actions that cannot be taken and by employing deceptive means in an attempt to collect a debt;

    v. The Defendant violated 15 U.S.C. § 1692f by using unfair and/or unconscionable means to collect on a debt;

    vi. The Defendant violated 15 U.S.C. §1692g for failing to properly advise Plaintiff of his rights.

74. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, the Defendant is liable to the Plaintiff for actual damages and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

75. Plaintiff realleges paragraphs 1 through 74 as if fully restated herein.

76. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

77. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation: By causing a telephone to ring repeatedly or continuously annoy the person called; By communicating, by telephone with the debtor with such frequency as to be unreasonable and to constitute harassment; and By making false and deceptive representations.

78. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover his actual damages sustained as a result of the Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

79. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to his actual damages, penalties of at least $1,000 per violation as provided for in the Act.

80. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a) Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b) Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq.*, as to the second cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code §1788.30, *et seq.*

(d) For such other and further relief as may be just and proper.

(e) Plaintiff requests trial by jury on all issues so triable.

Dated: March 21, 2012                    AMIR J. GOLDSTEIN, ESQ.

_____
Amir J. Goldstein
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

EDWARD JEZIORSKI

**DEFENDANTS**

GC SERVICES LIMITED PARTNERSHIP aka GC SERVICES LP and Does 1 through 10 inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Amir J. Goldstein, Esq. (CA Bar No. 255620)
5455 Wilshire Boulevard, Suite 1812, Los Angeles, CA 90036;
Tel. 323.937.0400

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No          ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 USC 1692 et seq. - Violations of the Fair Debt Collection Practices Act ("FDCPA")

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**  Case Number: **CV12-2534**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                         CIVIL COVER SHEET                         Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | San Diego |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Texas |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | San Diego |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date 3/19/12

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Name & Address:
Amir J. Goldstein, Esq. (CA Bar No. 255620)
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel. 323.937.0400

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| EDWARD JEZIORSKI, PLAINTIFF(S) v. | CV12-2534-GAF (FMOx) |
| GC SERVICES LIMITED PARTNERSHIP aka GC SERVICES LP and Does 1 through 10 inclusive, DEFENDANT(S). | SUMMONS |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Amir J. Goldstein, Esq._____, whose address is 5455 Wilshire Boulevard, Suite 1812, Los Angeles, CA 90036_____.   If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAR 23 2012           By: MARILYN DAVIS
                                 Deputy Clerk
                                 (Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (10/11)                          SUMMONS